[Crim. No. 4782.   Second Dist., Div. Three.   June 17, 1952.]

THE PEOPLE, Respondent, v. LLOYD RUTHVAN LARUM, Appellant.

Lloyd Ruthvan Larum, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was charged with six offenses of violation of section 337a of the Penal Code.  Two of the charged offenses were violations of subdivision 3 of the section which makes it an offense to "receive, hold or forward money" etc., bet on the result of a horse race or purported horse race.  Other counts of the information charged violations of other subdivisions of the section consisting of the acts which constituted the two violations of subdivision 3.  Defendant was found guilty of two violations of subdivision 3 and not guilty of the other charged violations.  He made a motion for a new trial which was denied, and he was sentenced to imprisonment in the county jail.  He appeals from the judgments and the order denying his motion for a new

trial.   The sole ground of the appeal is that the evidence was insufficient to support the judgments.

One Burns, a detective of the district attorney's office, testified that on the 14th of February, 1951, he encountered defendant in a cocktail bar in Long Beach and played shuffleboard with him; defendant went to the side entrance of the bar and "apparently" received some money from a person, after which Burns asked defendant to place a bet on "Gold Note running in the seventh race at Santa Anita"; defendant asked, "to win?" and Burns said "Yes."   Burns handed defendant two one dollar bills.   On the 16th of February Burns entered the bar and found defendant playing shuffleboard; defendant asked, "can I do anything for you?" and Burns said "yes, I would like two to win on Sir Butch in the fifth at Santa Anita" and handed defendant two one dollar bills saying, "this is on the nose." Burns and another detective named Bowers had copied the numbers from the bills.   Defendant was arrested and two bills with corresponding numbers were found on his person with a considerable amount of other currency.   Officer Bowers testified that he had found upon examining the sport pages of the newspapers that a horse named Sir Butch was running in the fifth race at Santa Anita on February 16th.   There was no evidence that Gold Note was a horse or that he was running in a race.   The case was tried to the court after waiver of jury trial and the evidence consisted of a transcript of testimony given at defendant's preliminary examination.   Defendant did not testify.

Defendant contends that there was no evidence that Gold Note and Sir Butch were race horses or that there were any horse races run at Santa Anita on the dates the wagers were made. The argument is without merit.   It is of common knowledge in this locality that horse races are run at Santa Anita. The bets that were made "to win" sufficiently proved there were contests of some sort between beasts, and whether these were purported race horses or beasts of some other sort is immaterial.   But it is of common knowledge that horses are raced at Santa Anita, and without evidence that the races in question were actually run there was sufficient evidence to prove that there were purported races between purported race horses.

In a multitude of cases that have passed through appellate procedure, wagers on horse races were made in the vernacular

which was employed by the witness Burns and the defendant in making and accepting the bets in question.

The conversations and the passing of the money would be commonly understood as wagers on horse racing, and in the absence of any explanation by defendant that the transactions had a different meaning or purpose, the court could scarcely have failed to find they were wagers. The evidence was sufficient. (See *People* v. *Jacquaino*, 63 Cal.App.2d 390 [146 P.2d 697].)

The attempted appeal from the verdicts is dismissed. The judgments and order denying motion for new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.